IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE WILLIS, #N-42118, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00552-JPG |
| ) | |
| RASHIDA POLLION, ) | |
| RICK HARRINGTON, OFFICER MEZO, ) | |
| and OFFICER JOHN DOE ) | |
| ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James Owens, currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Pollion (nurse practitioner), Harrington (warden at Menard), Officer Mezo, and Officer John Doe were deliberately indifferent to the conditions of Plaintiff's confinement and his serious medical needs in violation of the Eighth Amendment. (Doc. 1).

The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**<u>The Complaint</u>**

According to the complaint (Doc. 1), Plaintiff was placed in segregation cell # 244 on August 9, 2013. *Id*. at ¶ 1.  On August 12, Plaintiff informed Defendant John Doe[1] (2 gallery officer first shift) that there was no running water in his cell and that as a result he was feeling dizzy because he had been unable to take his medications. *Id*. at ¶ 3.   John Doe said that there was nothing he could do. *Id*.  On August 13, Plaintiff went to see Defendant Pollion, a nurse practitioner, and informed her that he was on five different medications (including medication for diabetes), but that he had been unable to take them because there was no running water in his cell.  He also explained to her that he was feeling dizzy, dehydrated, constipated, and having severe headaches.  Plaintiff also told Defendant Pollion that he was having extreme neck and back pain following a fall off of his top bunk a few days before. *Id*. at ¶ 15.  He requested pain medication in addition to water so that he could take his other medications.  He maintains that Defendant Pollion said she could not help him with the water and refused his request for pain medication. *Id*. at ¶ 17.  Likewise, Plaintiff claims that he told Defendant Mezo about the lack of

---

[1] While Plaintiff has not provided the name of this defendant, the Seventh Circuit has held that where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

running water and how it was impacting his health, but that Defendant Mezo also did nothing. *Id*. at ¶ 20.

It is unclear from the complaint exactly how long Plaintiff went without running water in his cell, but it appears that it was at least five days, if not longer. In a grievance dated August 14, 2013, Plaintiff complained that there was no running water and that he had gone without his medication for five days. (Doc. 1, p. 20). He continued to file additional grievances – at least six in total – through September 20, 2013. (Doc. 1, p. 25). Two of the grievances attached to the complaint were filed as "emergency grievances" and reviewed by Defendant Harrington, warden of Menard at the time, who determined that the grievances were not of an "emergency nature" and instructed Plaintiff to submit a grievance in the normal manner. (Doc. 1, pp. 23-25). Plaintiff seeks compensatory and punitive damages.[2]

**Analysis**

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious

---

[2] Plaintiff mentions in passing "equitable relief," but it appears from the complaint that he is no longer in a cell without running water. Therefore, any request for injunctive relief would be moot at this time.

deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.  The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.  *Jackson*, 955 F.2d at 22.  The subjective component requires that a prison official had a sufficiently culpable state of mind.  *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994).  In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer*, 511 U.S. at 842.  A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm.  *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has stated a colorable claim that Defendants John Doe, Pollion, Mezo, and Harrington violated his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff may proceed on his claim for monetary relief against these Defendants, in their individual capacities, at this time.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment claim for monetary damages against Defendants **JOHN DOE, POLLION, MEZO,** and **HARRINGTON**.

The Clerk of Court shall prepare for Defendants **POLLION**, **MEZO**, and **HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff is further advised that service shall not be made on the John Doe Defendant until such time as Plaintiff has identified the John Doe Defendant by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address of this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 12, 2014**

*s/ J. Phil Gilbert*
United States District Judge